UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA TRINIDAD JAIME-SAINZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Criminal No.: 1:16-cr-00114-BLW-1<br>Civil No.: 1:18-cv-00346-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Three motions are currently pending before the Court: (1) Brenda Jaime-Sainz's ("Jaime-Sainz") Motion for Relief Due to Ineffective Assistance of Counsel (Criminal Dkt. 79); (2) Jaime-Sainz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct her sentence (Criminal Dkt. 96; Civil Dkt. 1); and (3) the United States' Motion for Extension of Time to File Its Response to Petitioner's Motion Under 28 U.S.C. § 2255 and for an Order Granting Waiver of Attorney-Client Privilege (Civ. Dkt. 3). Additionally, Jaime-Sainz filed a request for a copy of her § 2255 motion because her legal materials were discarded during a search of her cell. Crim. Dkt. 98. For the reasons set forth below, the Court will construe criminal docket entry 96 as a motion to amend criminal docket entry 79 and will **GRANT** the motion. Furthermore, the Government's Motion for an Extension

of Time and Request for an Order Granting Waiver of Attorney-Client Privilege (Civ. Dkt. 3) is hereby **GRANTED**.

## BACKGROUND

This case has been plagued by missed connections. On November 3, 2016, Jaime-Sainz filed a Motion for Relief Due to Ineffective Assistance of Counsel (hereinafter, the "First Motion") *pro se* while being held in the Ada County Jail. Crim. Dkt. 79. The Court waited to address the First Motion until the Ninth Circuit affirmed this Court's judgment in Jaime-Sainz's criminal case. *Mandate*, Crim. Dkt. 94. On July 27, 2018, the Court took up the First Motion. Crim. Dkt. 95. Because her First Motion was best characterized as a § 2255 Petition, the Court offered Jaime-Sainz the opportunity to either (1) consent to the motion being recharacterized as such, or (2) file a notice with the Court to withdraw her First Motion or amend it to include all available § 2255 claims. *Id.*

Unfortunately, Jaime-Sainz never received the Court's offer. *Return Mail Undelivered*, Crim. Dkt. 97. Shortly thereafter, Jaime-Sainz submitted a Motion Under 28 U.S.C. § 2255 (hereinafter, the "Second Motion") on August 2, 2018, without withdrawing the First Motion or sending notice to the Court. Crim. Dkt. 96; Civ. Dkt. 1.

On August 30, 2018, Jaime-Sainz submitted a Notice of Clarification for her Second Motion. Crim. Dkt 98. She requested that a copy of her Second Motion be mailed to Aliceville, Alabama. *Id.* On September 5, 2018, the Government submitted its Motion for an Extension of Time and for an Order Granting Waiver of Attorney-Client Privilege to aid its preparations to respond to Jaime-Sainz's Second Motion. Civ. Dkt. 3.

### 1. Petitioner's Second Motion Will Be Construed As A Motion To Amend

First, the Court must address how it will construe the First and Second Motions filed by Jaime-Sainz. Generally, when a pro se petitioner files a new petition before the district court has adjudicated the petitioner's prior petition, the court should construe the new petition as a motion to amend the pending petition rather than as a "second or successive" petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). In *Woods*, the district court dismissed a second habeas corpus petition[1] before it ruled on the first petition after concluding that it lacked jurisdiction to review a "second or successive" petition. *Id.* at 888. The Ninth Circuit disagreed:

> "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'" … If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition....

*Id.* at 889-890. The Ninth Circuit then held that "the district court should have construed Woods's pro se habeas petition as a motion to amend his pending habeas petition. The district court then has the discretion to decide whether the motion to amend should be granted." *Id.*

---

[1] The Court notes that *Woods* involved two petitions under 28 U.S.C. § 2254, whereas this case involves two petitions under 28 U.S.C. § 2255. In this case, the distinction does not matter. In *Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002), then-Judge Sotomayor applied the rule used in today's opinion to a case involving two petitions under 28 U.S.C. § 2255. *See also United States v. Sellner*, 773 F.3d 927 (8th Cir. 2014). *Ching* was cited approvingly by the *Woods* panel. 298 F.3d at 888.

Pursuant to *Woods*, the Court will recharacterize Jaime-Sainz's Second Motion as a motion to amend her First Motion. District Courts have discretion to grant or deny such motions. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a). In this case, the Court granted Jaime-Sainz leave to amend the First Motion six days prior to her submission of the Second Motion. The Court believes that had Jaime-Sainz received the Court's Order, she would have filed the Second Motion as a motion to amend her First Motion. Having reviewed Jaime-Sainz Second Motion, the Court concludes that Jaime-Sainz should be allowed to amend the First Motion. The Court therefore GRANTS Jaime-Sainz's motion to amend.

### 2. Jaime-Sainz Waived Attorney-Client Privilege By Raising An Ineffective Assistance of Counsel Claim

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (*en banc*). A party implicitly waives attorney-client privilege when he or she files a lawsuit putting in issue communications otherwise privileged where upholding the privilege would deny the opposing party access to relevant facts. *See United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999).

Here, Jaime-Sainz has put privileged communications at issue by making allegations that she received ineffective assistance from both William Fletcher (her trial counsel) and Matthew Gunn (her appellate counsel). Specifically, Jaime-Sainz alleges that her counsel (1) failed to file an appeal regarding application of the firearm

enhancement, (2) failed to communicate information to the Government that would have earned her additional credit for cooperation, (3) failed to file for a writ of certiorari from the United States Supreme Court, and (4) failed at sentencing and on appeal to argue for merger of the drug counts. These allegations put Jaime-Sainz's communications with Fletcher and Gunn squarely at issue. Accordingly, the Court finds that she has waived her attorney-client privilege over her communications with Fletcher and Gunn regarding plea offers, sentencing, and appellate strategy. Should Jaime-Sainz decide that she does not want to waive the privilege, she may abandon her claims. *See Bittaker*, 331 F.3d at 721. The Government's Motion for an Order Granting Waiver of Attorney-Client Privilege (Civ. Dkt. 3) is hereby GRANTED.

### 3. The Government Is Entitled To Additional Time to File Its Response

The Government also requests an additional 60 days to file its Response to Jaime-Sainz's Motion. Good cause appearing, the Court hereby GRANTS the motion. The Government's Response is due November 26, 2018.

## ORDER

**IT IS ORDERED:**

1. Jaime-Sainz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct her sentence (Crim. Dkt. 96; Civ. Dkt. 1), which the Court will construe as a motion to amend her Motion for Relief Due to Ineffective Assistance of Counsel (Crim. Dkt. 79), is hereby **GRANTED**;

2. The Clerk of the Court is hereby directed to enter a docket order **DENYING AS MOOT** Jaime-Sainz's Motion for Relief Due to Ineffective Assistance of Counsel (Crim. Dkt. 79);

3. The Government's Motion for an Order Granting Waiver of Attorney-Client Privilege (Civ. Dkt. 3) is hereby **GRANTED**;

4. The Government's Motion for Extension of Time to File Response/Reply (Civ. Dkt. 3) is hereby **GRANTED**;

5. The Clerk of the Court will forward Jaime-Sainz a copy of her Motion under 28 U.S.C. § 2255 (Crim. Dkt. 96) and this Order.

DATED: October 2, 2018

B. Lynn Winmill
Chief Judge
United States District Court